[No. 5883.   Decided March 7, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. L. M. POOLE,
*Appellant.*[1]

STATUTES—TITLE—SUFFICIENCY—CRIMINAL LAW—LIVING WITH A
PROSTITUTE.  The title to chapter 123 of the Laws of 1903, p. 230,
with reference to living off the earnings of prostitutes, etc., fails to
make any mention of anything relating to male persons who live
with a prostitute, and is not sufficiently broad to cover a provision
making such an act a misdemeanor, but such fact does not affect the
balance of the act.

CRIMINAL LAW—LIVING OFF THE EARNINGS OF A PROSTITUTE—IN-
STRUCTIONS.  In a prosecution for living off the earnings of a prosti-
tute, it is not error prejudicial to the defendant for the court in its
instructions to the jury, to impose upon the state the additional
burden of proving that the defendant had lived with a prostitute,
especially where the jury are expressly instructed that living with
a prostitute would not. constitute the offense charged.

CRIMINAL LAW—EVIDENCE—ADMISSIONS—SHOWING COMMISSION OF
OTHER CRIMES.  Admissions and confessions tending to show that
the defendant was guilty of the crime charged, viz., living off the
earnings of a prostitute, are not objectionable on the ground that
they show the commission of other crimes, viz., vagrancy and lar-
ceny, when such fact appears only as an incident and because ad-
missions were made during the progress of the prosecutions for such
other offense.

SAME—VOLUNTARY CONFESSIONS.  The confession of the accused
made to officers while under arrest and during prosecutions for
other offenses, are admissible, if voluntary and not made under the
influence of fear produced by threats.

APPEAL — REVIEW — OBJECTIONS TO EVIDENCE — HARMLESS ERROR.
Upon an assignment of error as to the admission of the evidence of a
committing magistrate, in that he undertook to state the evidence
of witnesses as to other offenses for which the defendant had been
prosecuted, reversible error will not be found where it does , not
clearly appear that the witness undertook to testify to the testimony
of such witnesses, and where no objection to the testimony was
made on that ground.

Appeal from a judgment of the superior court for Spokane
county, Warren, J., entered February 25, 1905, upon a trial

1Reported in 84 Pac. 727.

and conviction of the offense of living off the earnings of a
prostitute.   Affirmed.

*Del Cary Smith* and *George M. Ferris,* for appellant.

*Richard M. Barnhart, A. J. Laughon,* and *Fred C. Pugh,*
for respondent.

DUNBAR, J.—The following is the information upon which
appellant was convicted:

"That the said defendant, L. M. Poole, on the 23d day of
January, 1905, in the county of Spokane, state of Washing-
ton, then and there being and then and there being a male
person, did then and there wilfully, unlawfully and feloni-
ously live with, live off of and accept the earnings of, and
for a long time previous to said date had then and there been
living with, and living off of, and accepting the earnings of
one Freda Roberts, then and there being a female and a
prostitute."

Appellant moved in the lower court to quash and set aside
the information, which motion was overruled.   He then de-
murred to the information, and the demurrer was likewise
overruled.   A plea of not guilty was then entered, trial was
had, and a verdict of guilty was returned by the jury.   After
the rendition of the verdict, appellant moved to set aside the
verdict and grant a new trial, upon the several grounds set
forth in the motion.   The motion was overruled, and appel-
lant was sentenced to a term of five years in the penitentiary.

The errors assigned, that the court erred in denying ap-
pellant's motion to quash and set aside the information, and
in overruling appellant's demurrer to the information, may
be considered together, and are based upon the fact that the
enactment of chapter 123,Laws 1903, page, 230, upon which
the information is based, is obnoxious to article 2, § 19, of
the state constitution, which provides that no bill shall em-
brace more than one subject, which shall be expressed in the
title.   The title is as follows:

13—42 WASH.

"An act relating to husbands who connive at the prostitution of their wives and to persons who live off or accept the earnings of prostitutes, or solicit persons to go to houses of ill fame for immoral purposes, or who permit or solicit females under eighteen years of age to enter any house of ill-fame, or other houses for immoral purposes, declaring the violation hereof a felony and fixing a punishment."

It will be noted that in the title of the act there is no mention of anything relating to a male person who lives with a prostitute. This particular discrepancy between the act and the title has never heretofore been called to the attention of this court, and we are inclined to think that the title is not sufficiently broad to cover that provision of the act which relates to any male person who lives with a prostitute, and that therefore one cannot be indicted for that act.

But that, under the general and undisputed rule, does not destroy the validity of the remainder of the act, because it is not connected with the act, the title of which is omitted, in such a way as to embarrass in any manner the execution of the subsequent provisions. It is contended, however, by the appellant, who does not maintain that the balance of the act is rendered unconstitutional by the omission in the title which we have just mentioned, that the court instructed the jury that living with a prostitute was one of the material allegations of the information to be proven beyond a reasonable doubt, and that this was clearly error, as living with a prostitute is not a crime under the law on which the information is based, for the reason that the same is not embraced in the title of the act. We have carefully examined the instructions of the court and are unable to conceive that there was any prejudicial error in this respect. Instruction No. 3 is as follows:

"In order to find the defendant guilty of the crime charged, you must find beyond a reasonable doubt, that the defendant, L. M. Poole, did, upon the 23d day of January, 1905, in Spokane county, state of Washington, wilfully, unlawfully

and feloniously live off of and accept the earnings of and
for a long time previous to said date had there been living
with and living off of and accepting the earnings of one
Freda Roberts, said Freda Roberts then and there being a
female and a prostitute, and if you should entertain a rea-
sonable doubt as to the truth of the allegations of said infor-
mation, then it is your duty to give the defendant the benefit
of said doubt, and to acquit him."

In this instruction the court imposed upon the state a
greater burden than the law imposed, viz., the burden of
proving, not only that the defendant had lived off of the
earnings of Freda Roberts, but that he had for a long time
previous to said date been living with her; and No. 4 is to
the effect that it is not necessary for the state to prove both
of these charges made in order to establish the offense
charged (evidently referring to the living off of and accept-
ing the earnings), "but if you should find from the evidence
beyond a reasonable doubt that the defendant either lived off
of or accepted the earnings of Freda Roberts, at the time and
place charged, and that she was then and there a prostitute,
then you should find the defendant guilty as charged in the
information." So far, we think, there was nothing in the
instructions of which the appellant could complain, although
the state might justly have done so. But the court further
on, in paragraphs 9 and 10, put this question beyond a per-
adventure by stating to the jury that the information was
founded upon § 2 of an act of the legislature of 1903, which
provides that any male person who lives with, or lives off of,
in whole or in part, or accepts the earnings of a prostitute
shall be deemed guilty of a felony. It then proceeds:

"The jury are further instructed that living with a prosti-
tute as alleged in the information herein would not of itself
render defendant guilty as charged in the information, but
that if the jury should find from the evidence beyond a
reasonable doubt that the defendant lived with a prostitute,
but did not live off of or from her earnings, in whole or in
part, or did not accept her earnings, in such an event the

jury could not find the defendant guilty, but on the other hand if you find from the evidence beyond a reasonable doubt that the defendant lived with a prostitute, and did live off from and upon her earnings in whole or in part, or did accept the earnings of such prostitute, if you should so find beyond a reasonable doubt, then your verdict should be guilty as charged."

So that it will be seen that the instruction, while erroneous under the theory that a portion of the act is unconstitutional, was error committed against the state and not against the appellant. We think the instructions as a whole fairly stated the law outside of the matter which we have just mentioned, and that no reversible error was committed, either in giving instructions or in refusing to give.

It is contended that the court erred in the admission of the testimony of William Shannon, as to statements made by appellant and Freda Roberts when appellant was under arrest charged with the crime of grand larceny, and under arrest and upon trial charged with vagrancy, prior to his arrest on the crime charged in the information herein; and also in the admission of the testimony of Captain Coverly and Chief Waller, under the same circumstances. The record shows that this was testimony showing admissions made by the appellant and conversations between him and Freda Roberts, which conversations and assertions on the part of Freda Roberts, admitted by the appellant, tended to show that the appellant had been living off of the earnings of the said Freda Roberts—earnings which had been acquired by the prosecution of her business as a prostitute.

The contention of the appellant is that in a prosecution for a particular offense, evidence tending to show the defendant guilty of other offenses not connected with the crime charged is reversible error, and many authorities are cited to sustain that contention. Among others upon which the appellant stoutly relies is *State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523. It is, no doubt, a well-established general

rule that the prosecution cannot prove the commission of another and distinct offense from that charged, for the purpose of rendering it more probable in the minds of the jury that the defendant committed the offense for which he was on trial; and this is the basis of the objection to all such testimony, viz., that it is an assault on the defendant's reputation, and that the jury is liable to convict him, not because there is testimony that he committed the crime with which he stands charged, but because he had committed other crimes.

But that was not the object of the testimony in this case. It was not intended to show that appellant had been convicted of the crime of vagrancy or grand larceny, with which he had been charged, and the mention of those trials was merely an incident, the confessions which he made having been made in the presence of the officers at the time of the prosecution of these aforementioned trials, viz., for vagrancy and larceny. They were admitted as testimony in the nature of confessions, not a confession of the crimes of which he stood chargeable at the time the confessions were made, but of the crime of which he now stands charged. And we think, under all authority, that such testimony is admissible; that it tended to prove the direct charge contained in the information; and that being true, it was competent evidence for that purpose, no matter where and under what circumstances the confessions were made, the only limitation being that they must be voluntarily made. Our code provides that the confession of the defendant made under inducement, with all the circumstances, may be given against him, except when made under the influence of fear, produced by threats. We held in *State v. Coss,* 12 Wash. 673, 42 Pac. 127, that such testimony was competent when there was nothing to show that the confession admitted was made under the influence of fear produced by threats; and in *State v. Hopkins,* 13 Wash. 5, 42 Pac. 627, it was said:

"The first ground of error alleged is that the court erred in permitting a witness to testify to what the appellant had

testified to in a civil action brought against him and others involving the property in question. It is contended that this was a violation of the constitutional rights of appellant on the ground that the testimony given by him in said action should be considered as given under duress, it being necessary to protect his rights therein. There is no claim that appellant was compelled by the court to testify to such matters upon the former trial; it was simply a matter of choice with him as to whether he would testify to the facts in the action brought against him or whether he would not do so, and the rule seems to be well settled by the weight of authority that such statements not given under compulsion may be put in evidence in a criminal proceeding against the party testifying."

Evidence of admissions of the accused is admissible where the jailor testifies that no inducements were held out to the accused, and that they were made in the presence of his wife when she was visiting him in the jail. *State v. Carpenter,* 32 Wash. 254, 73 Pac. 357. It is not error to receive as a voluntary confession evidence of statements made by an Indian before a committing magistrate, upon being charged with horse stealing, in answer to questions put by the magistrate, although he was not represented by counsel and was not informed of his right to refuse to answer. *State v. Washing,* 36 Wash. 485, 78 Pac. 1019.

In *State v. Royce,* 38 Wash. 111, 80 Pac. 268, we held that, in a prosecution for burglary, statements made by the accused to police officers who were investigating the matter of stolen property, made before any charges were preferred against the deceased, were not inadmissible as confessions induced by threats, when they were voluntarily made without threats or inducements on the part of the officers.

"Sworn testimony, which the defendant as a witness has voluntarily given in any cause 'or proceeding, civil or criminal,—for example, before a commissioner in bankruptcy, a committee of the legislature, committing magistrate, a grand jury, a coroner, a fire inquest, or any court in an ordinary law suit, or in the same court on a motion for continuance,— is, when pertinent to the issue, competent against him as an

admission or confession." 1 Bishop, New Crim. Proc., § 1255.

See, also, Starkey, Evidence, p. 51; *People v. Sexton,* 132 Cal. 37, 64 Pac. 107; *People v. Chrisman,* 135 Cal. 282, 67 Pac. 136. In fact, it is doubtful if any authority can be found to the contrary.

The appellant assigns error of the court in the admission of the testimony of J. D. Hinkle, police justice of Spokane, as to statements made by Freda Roberts and appellant in the trial of the action against appellant for vagrancy in the police court, proir to appellant's arrest upon the charge in this information. We are not able to determine from the record that the witness undertook to recite the testimony of Freda Roberts given in the police court. The question was,

"Now, you may state to the jury whether or not, on or about that date, you had a conversation with the defendant, or heard any conversation, or held any conversation with the defendant here in the presence of yourself, Captain Coverly, Chief of Police, in your office in the basement of the city hall."

This was objected to as incompetent, irrelevant and immaterial. The next question is, "Now, Judge, you may state to the jury, as near as you can recollect, what was said by this defendant on this occasion at your place with reference to his relation with the woman, Freda Roberts." And the witness proceeds to state what the defendant said, and in the course of the examination the following was interpolated:

"Mr. Smith: 'You were asked to say what he said.' 'Well, they both said the same thing, no material disagreement, both stated the same thing. I am telling what they both said.' "

Then the witness proceeded to state a conversation had, seemingly, between the appellant and Freda Roberts, but it does not plainly appear whether he was reciting testimony that they gave under oath or a conversation that they had in the presence of the officers. We conclude from the whole record

that the witness was not stating what Freda Roberts swore to, for the judge, a short time before, had refused on his own motion to allow another witness to state what Freda Roberts had testified to. In any event, the testimony was not objected to on the ground that the witness was relating the testimony of Freda Roberts, but on the general ground that it was an attempt to prove a separate offense, the same objection that was made where confessedly the confessions made were in a voluntary conversation between the defendant and said Freda Roberts, the objection finally being, "If your Honor please, I move to strike all the testimony of this witness. It goes to prove the commission of another and separate offense than that charged in the information, and that he was sitting at that time as a committing magistrate and passed upon the admissibility of the testimony given at that time." It not sufficiently appearing that the witness undertook to testify as to what Freda Roberts had said under oath, and there being no objection to the testimony on that score, the court does not feel justified in holding that there was any reversible error in the admission of the testimony of this witness.

A portion of appellants brief is devoted to the hardships of the law. This is a subject which the court is not at liberty to enter into, but which appropriately may be addressed to the legislature, whose province it is to make the laws. The court's duty is a narrower one—of construction alone. We have been unable to find any error in the admission or rejection of testimony, or any reversible error in any respect.

The judgment is affirmed.

MOUNT, C. J., RUDKIN, FULLERTON, HADLEY, CROW, and ROOT, JJ., concur.