[No. 1717-1.　Division One.　November 5, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN WARREN BARR et al., *Defendants*, HERMAN DON HARTZOG, *Appellant.*

*William C. Tobin, Jr.*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Corydon J. Nelsen, Deputy*, for respondent.

FARRIS, J.—At about 1:15 a.m. on March 8, 1972, three masked men, armed with handguns, entered Ruscigno's Restaurant and Cocktail Lounge in Seattle. They took money from the cash register and safe as well as money and personal property from the customers who were present.

Hartzog and a codefendant, Edward O. Boast, were charged with the crime, arrested, and tried before a jury. On May 22, 1972, the jury returned a general verdict of guilty and a special finding of possession of a deadly weapon-firearm against both Hartzog and Boast. The trial judge sentenced Hartzog to 20 years in prison. This appeal followed.

■ Hartzog first assigns error to the failure of the trial court to grant his motion to continue the cause until another panel of jurors was available. The trial of this cause began on the day following the conclusion of another action in which Hartzog was a defendant. A prospective juror in this cause who had served as a juror in the action that had concluded the day before, upon entering the courtroom and seeing defendant Hartzog said, "Oh, no, not him again."

We agree that

A defendant is entitled to a jury free from bias and prejudice, and to one which has not theretofore participated in a criminal action by the state against the defendant on substantially the same state of facts.

*State v. McMillan,* 154 Wash. 29, 30, 280 P. 737 (1929).

Despite almost identical facts and issues in the two cases and the fact that the convicting jurors had returned to the general panel, we find that the precautions taken by the trial court fully protected the right of the accused to an impartial jury. After hearing argument on Hartzog's continuance motion, the court immediately excused the prospective juror who had served on the earlier cause and ruled:

The motion for continuance is denied. If it develops during the voir dire that there is some problem, we will take the motion up again.

The motion was never made again. The record is silent on this issue and the voir dire is not reported; we must therefore conclude that no problem surfaced. The trial court made no error in refusing to speculate on the possibility of prejudice.

Hartzog next argues that Rosemary Swartz' testimony about conversations among Hartzog, Boast and Barr which she overheard was inadmissible hearsay. During the trial, Ms. Swartz testified, over objection, that she heard Hartzog, Boast and Barr discussing the robbery, both before and after its occurrence, indicating where, when, and afterwards, how much, was obtained. Ms. Swartz could not say who made which statements. This issue was resolved in *State v. Barr*, 9 Wn. App. 891, 515 P.2d 840 (1973). As discussed there, Ms. Swartz' testimony was not hearsay and therefore was admissible.

Finally, Hartzog argues that certain evidence admitted at trial was of no probative value and was highly prejudicial. During the trial, the court admitted for illustrative purposes, over objection, exhibit No. 12, a gun found in Boast's apartment which was similar to the one allegedly carried by Boast. The trial court also admitted, without objection, exhibit No. 13, a handgun belonging to Stephen Barr, who was charged with the crime, but was not on trial. Failure to object to the introduction of the Barr gun at trial precludes consideration of the question here. The Boast handgun was properly admitted for illustrative purposes; the error was in identifying it as the property of Boast. That issue was discussed in *State v. Barr, supra.* Here, as there, we find error in identifying the gun. However, the record here reflects, as there, that the error was harmless.

Affirmed.

JAMES and WILLIAMS, JJ., concur.