[No. 44100.    En Banc.    August 26, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD ORVILLE BOAST, *Petitioner*.

448

*Baker & Palmer* and *Lawrence F. Baker,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Corydon J. Nelson, Deputy,* for respondent.

UTTER, J.—This court granted appellant's petition to review an unpublished decision of the Court of Appeals affirming his conviction for armed robbery following a jury trial. Appellant seeks reversal of his conviction on the grounds (1) that the trial court erred in admitting hearsay evidence, (2) that the admission of such evidence violated his Sixth Amendment right to confront the witnesses against him, and (3) that the trial court erred in failing to give a cautionary instruction as to the testimony of an asserted accomplice. Finding appellant's objection to the challenged evidence inadequate to preserve the matter for appellate review and finding no constitutional or other error, we affirm the judgment below.

In the early morning hours of March 8, 1972, three

masked men robbed a Seattle restaurant and its patrons. Appellant Boast, Herman Don Hartzog, and Stephen Warren Barr were charged with the crime. Barr was not joined with the others for trial. Hartzog was convicted along with Boast, but appealed separately. *State v. Barr*, 9 Wn. App. 896, 515 P.2d 843 (1973).

At the trial of Boast and Hartzog, persons present at the restaurant during the robbery testified that two of the robbers carried automatic pistols and the third was armed with a revolver. They stated that money from the cash register and safe as well as money and personal property of customers were taken. These witnesses could not describe or identify the robbers, who wore ski masks and nylon stockings pulled down over their faces.

The only testimony linking appellant to the crime was that of Rosemary Swartz, the then girl friend of Barr. She testified she was present on the evening of March 7, 1972, when appellant, Hartzog, and Barr met at a tavern. Ms. Swartz observed that appellant and Barr were each armed with an automatic pistol and stated that the three men left together to "check out some place." At approximately 2 a.m. on March 8, according to Ms. Swartz, she and a female companion were taken by Hartzog to the apartment where she resided with Barr. She testified that on her arrival Barr and appellant were sitting at a table counting and dividing up money, purses, identification cards, and other items of personal property. She also testified that she saw ski masks and nylon stockings in the room and that each of the men was armed.

Over objection, Ms. Swartz further testified as to the contents of the conversation among the men in the apartment that evening. She could not identify which of the men made which statement or even whether all three men participated in the conversation. In her testimony she paraphrased statements indicating that appellant participated in the robbery, that he went into the cafe part of the restaurant and "took care of one person in there," and that he

returned to the cocktail lounge and told everyone to lie down on the floor.

Appellant testified in his own defense, stating that he did not participate in the March 8 robbery and that he was elsewhere at the time. Two witnesses testified in support of his alibi. Hartzog did not testify.

Appellant challenges those portions of the testimony of Rosemary Swartz which described his participation in the robbery as hearsay evidence which is not within any exception to that rule of inadmissibility. Prior to the introduction of such testimony, counsel for codefendant Hartzog made the following objection:

> MR. TOBIN: As far as my other objection is concerned, it is my belief that Rosemary Swartz is going to testify to statements that were made in her apartment early in the morning on the 8th of March. THE COURT: Yes. MR. TOBIN: That she is not going to be able to specify who made the statements and these statements are going to be incriminating to my client. Now, it is my understanding that the rule in *Bruton versus United States* excludes such admissions when there is no opportunity to cross examine. In other words, if she were to testify to an incriminating statement that Mr. Boast said, she would be incriminating my client and I would not be able to cross examine Mr. Boast as to that statement. I am not going to speak for Counsel for Mr. Boast, but the reverse works for Mr. Boast, and it is my understanding that the rule in Bruton, which is based on the confrontation clause, and the right to cross examine in *Pointer versus Texas,* would prohibit such testimony and I would like to get it clear before the jury is in here. THE COURT: All right. MR. TOBIN: That I would have an objection to any testimony in which she was not able to specify who was making the statement, and if the statement is the statement of Mr. Barr or Mr. Boast, I would object to it on those grounds.

After further discussion of the same topic by counsel and the prosecuting attorney, the trial court suggested that the testimony of Ms. Swartz was admissible under the rule that "where the incriminating statements are made in the presence of anybody and there is no objection to that, they're

admissible as admissions." Defense counsel responded that he believed this rule was inapplicable to criminal cases. The trial court then ruled against the objection to the evidence and counsel for both defendants took exception to the ruling.

We recently summarized the thrust of numerous decisions of this court, stating that "insofar as possible, there shall be one trial on the merits with all issues fully and fairly presented to the trial court at that time so the court may accurately rule on all issues involved and correct errors in time to avoid unnecessary retrials." *Haslund v. Seattle,* 86 Wn.2d 607, 614, 547 P.2d 1221 (1976). With regard to objections to evidence, it has long been the rule in this jurisdiction that an objection which does not specify the particular ground upon which it is based is insufficient to preserve the question for appellate review. *See, e.g., Marr v. Cook,* 51 Wn.2d 338, 341-42, 318 P.2d 613 (1957); *White v. Fenner,* 16 Wn.2d 226, 245-46, 133 P.2d 270 (1943). "Objections must be accompanied by a reasonably definite statement of the grounds therefor so that the judge may understand the question raised and the adversary may be afforded an opportunity to remedy the claimed defect." *Presnell v. Safeway Stores, Inc.,* 60 Wn.2d 671, 675, 374 P.2d 939 (1962). As stated in *Kull v. Department of Labor & Indus.,* 21 Wn.2d 672, 682-83, 152 P.2d 961 (1944):

> When an objection is so indefinite as not to call the court's attention to the real reason for the testimony's inadmissibility, error may not be based upon the overruling of the objection. *Coleman v. Montgomery,* 19 Wash. 610, 53 Pac. 1102 [1898]. *An assignment of error as to the admission of evidence upon a certain ground cannot be made where no objection to the testimony was made on that ground. State v. Poole,* 42 Wash. 192, 84 Pac. 727 [1906]. *Objection to evidence can be made in this court only upon the specific ground of the objection. Bolster v. Stocks,* 13 Wash. 460, 43 Pac. 532, 534, 1099 [1896].

(Italics ours.) The rule set forth in *Kull* has been applied in several cases. *See Sepich v. Department of Labor & Indus.,* 75 Wn.2d 312, 316, 450 P.2d 940 (1969), *State v.*

*Roby*, 43 Wn.2d 652, 656, 263 P.2d 273 (1953), and *Rowe v. Dixon*, 31 Wn.2d 173, 180, 196 P.2d 327 (1948).

Appellant's counsel on this appeal, who did not represent appellant at trial, argues that the portion of Ms. Swartz' testimony recounting the conversation in her apartment on March 8 is hearsay evidence[1] and not within the admission by silence exception.[2] This ground for objection, however, was not presented to the trial court. In colloquy with the trial court and prosecuting attorney prior to Ms. Swartz' testimony, defense counsel never used the word "hearsay" and did not discuss the requirements of the admissions exception. As the trial court held, the hearsay rule and its exceptions are applicable to criminal as well as civil cases. *See, e.g., State v. Orcutt*, 123 Wash. 651, 212 P. 1066 (1923); *State v. McCaughey*, 14 Wn. App. 326, 541 P.2d 998 (1975); *cf.* Fed. Rule Evidence 101, 1101. The sole remaining ground for objection was the Sixth Amendment right to confrontation, discussed immediately below. Because "[o]bjection to evidence can be made in this court only upon the specific ground of the objection", *Kull v. Department of Labor & Indus., supra* at 683, we cannot consider appellant's contention challenging the admissibility of Ms. Swartz' testimony on hearsay grounds.

██ Regardless of whether the challenged portion of

---

[1]Hearsay evidence is a statement, other than one made by the witness while testifying at a trial, offered to prove the truth of the matter asserted in the out-of-court statement. *Moen v. Chestnut*, 9 Wn.2d 93, 107-09, 113 P.2d 1030 (1941); *State v. Lane*, 4 Wn. App. 745, 753, 484 P.2d 432 (1971); *see* Fed. R. Evidence 801(c).

[2]To constitute such an implied admission, the statement must be incriminating or accusatory, made in the presence and hearing of the party and not denied by him. *State v. Lounsbery*, 74 Wn.2d 659, 662, 445 P.2d 1017 (1968). In addition, the statement must be of such a nature as to call for a reply under the circumstances. *Beck v. Dye*, 200 Wash. 1, 11, 92 P.2d 1113, 127 A.L.R. 1022 (1939); *State v. Goodwin*, 119 Wash. 135, 140, 204 P. 769 (1922); *State v. Baruth*, 47 Wash. 283, 291-92, 91 P. 977 (1907) (admissions by silence "should · always be received with caution".) *See also United States v. Hale*, 422 U.S. 171, 45 L. Ed. 2d 99, 95 S. Ct. 2133 (1975); *United States v. Moore*, 522 F.2d 1068, 1076 (9th Cir. 1975); *Advisory Committee Note to Federal Rule of Evidence* 801(d)(2).

Ms. Swartz' testimony was inadmissible hearsay, as appellant contends, or hearsay admissible under an exception to the rule, as the trial court held, an issue as to the right of the accused to confront the witnesses against him is raised. *Hoover v. Beto*, 467 F.2d 516, 531 (5th Cir. 1972), *cert. denied*, 409 U.S. 1086 (1972). Misapplication of an exception to the hearsay rule which leads to the erroneous admission of evidence in a criminal trial "does not lead to the automatic conclusion that confrontation rights have been denied." *California v. Green*, 399 U.S. 149, 156, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970). The protections of the Sixth Amendment extend to criminal defendants in state courts. *Pointer v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965). Implicit in the constitutional right of confrontation is the right to cross-examine witnesses. *Davis v. Alaska*, 415 U.S. 308, 315, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974). While it is " 'an essential and fundamental requirement . . . of [a] fair trial", the right to cross-examine is not absolute, but "its denial or significant diminution calls into question the ultimate ' "integrity of the fact-finding process" ' and requires that the competing interest be closely examined." *Chambers v. Mississippi*, 410 U.S. 284, 295, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973).

In *State v. Smith*, 85 Wn.2d 840, 849-50, 540 P.2d 424 (1975), we examined the recent confrontation decisions of the Supreme Court and found the guidelines to be "(1) reliability of the testimony sought to be admitted, and (2) availability of the source (the out-of-court declarant) to appear, swear, and be cross-examined." As we noted in *State v. Kreck*, 86 Wn.2d 112, 118, 542 P.2d 782 (1975), the purpose of the constitutional provision " 'is to advance a practical concern for the accuracy of the truth-determining process in criminal trials . . .' " Whether the confrontation right has been denied must be determined on a case-by-case basis after examination of all the circumstances and evidence. *United States v. Snow*, 521 F.2d 730, 734 (9th Cir. 1975).

In the present case, we find the challenged testimony

possesses sufficient "indicia of reliability", *Dutton v. Evans*, 400 U.S. 74, 89, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970), to satisfy constitutional requirements. The pertinent inquiry here is not the reliability of Ms. Swartz' testimony, since appellant was able to fully cross-examine her at the trial, but the trustworthiness of the out-of-court declarations. *See Park v. Huff*, 506 F.2d 849, 863-64 (5th Cir. 1975). As noted above, Ms. Swartz was unable to identify which of the three men made which statement during the March 8 conversation. Of course, if the declarant of any of the challenged statements was Boast, no confrontation problem is presented. If the declarant was either Hartzog or Barr or both of them, there is sufficient evidence, such as their possession of guns and masks like those used in the robbery, to find that both had personal knowledge of the events during the robbery. *See Dutton v. Evans, supra* at 88. The close proximity of the conversation to the crime, and the fact that it took place when the stolen money and property were present, further bolster its reliability. As in *Dutton*, there is here no apparent reason for Hartzog or Barr to lie during the conversation. The statements relating appellant's alleged role in the robbery were spontaneous, and would have been against the penal interest of both Hartzog and Barr. *See Dutton v. Evans, supra* at 89. These circumstances gave the jury a "satisfactory basis for evaluating the truth of the prior statement", *California v. Green, supra* at 161, and thus the primary objective of the confrontation clause is fulfilled.

■ In light of the unique facts of this case, the "unavailability" factor does not suggest a contrary conclusion. The identity of the persons who made the statements incriminating appellant was not established at trial and appellant did not seek to learn the identity of the "witnesses against him" by cross-examination of Ms. Swartz or otherwise. If Hartzog were the out-of-court declarant, he was on trial with appellant and could have been called as a witness by appellant and cross-examined to show that the statements were untrue or had not been made. *Cf. Trigg v.*

*United States*, 430 F.2d 372, 374-75 (7th Cir. 1970). Although contending appellant could not confront the out-of-court declarant, appellant's counsel showed no interest in calling Hartzog to the stand. It appears that here, as in *Dutton v. Evans, supra* at 88 n.19, appellant chose not to confront the possible declarant because it would draw attention to the conversation and perhaps directly undermine his alibi defense. Similarly, if Barr were the out-of-court declarant, appellant's trial tactics appear to have dictated his refusal to subpoena Barr, whose testimony may also have contradicted appellant's alibi. Appellant's counsel did not even ask the prosecuting attorney about Barr's availability as a witness. Having noted appellant's decision not to call Hartzog to the stand, apparently for tactical reasons, it would have been reasonable for the prosecution not to have called Barr on its own initiative. While the burden of producing out-of-court declarants is generally on the prosecution, *Simmons v. United States*, 440 F.2d 890, 891 (7th Cir. 1971), where a defendant's apparent trial tactics and his obvious reluctance to call or subpoena a witness indicate his intention not to seek cross-examination, the "unavailability" factor will not be applied to require exclusion of the extrajudicial statements. Because the challenged out-of-court statements possess sufficient "indicia of reliability", we find appellant's Sixth Amendment right was not denied by their admission into evidence.

■ Lastly, appellant contends that Ms. Swartz was an accomplice in the March 8 robbery requiring the trial court to give a cautionary instruction as to her uncorroborated testimony. *See, e.g., State v. Carothers*, 84 Wn.2d 256, 269, 525 P.2d 731 (1974). An accomplice is one who could be indicted for the same crime for which the principal is being tried, *State v. Emmanuel*, 42 Wn.2d 799, 821-22, 259 P.2d 845 (1953), and thus includes one who aids and abets the principal, RCW 9.01.030; *see also* RCW 9A.08.020 (effective July 1, 1976). Although an aider and abettor need not be physically present at the commission of the crime to be held guilty as a principal, there must be proof that Ms.

Swartz did something in association with the principal to accomplish the crime. *State v. Murray*, 10 Wn. App. 23, 28, 516 P.2d 517 (1973). There is no aiding and abetting unless one associates himself with the venture and participates in it as something he wishes to bring about, and by action to make it succeed. *State v. Gladstone*, 78 Wn.2d 306, 311, 474 P.2d 274, 42 A.L.R.3d 1061 (1970). It must be shown that the aider shared in the criminal intent of the principal and there must be a community of unlawful purpose at the time the act is committed. *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 592, 512 P.2d 1049 (1973). The facts of this case do not suggest that Ms. Swartz possessed any criminal intent to rob the restaurant or participated in any phase of the crime as something she wished to bring about. The circumstances here are similar to those in *State v. Dalton*, 65 Wash. 663, 118 P. 829 (1911), in which stolen goods were taken to a room occupied by appellant and a codefendant and divided up in the presence of appellant, who then carried away part of the goods. The court held the appellant was not an accomplice. Thus, the trial court did not err in refusing to give the cautionary instruction requested by counsel for codefendant Hartzog.

Judgment affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.