IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31896-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN ALLEN REID, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Ryan Reid appeals his two convictions for first degree child molestation, alleging that the trial court permitted improper opinion testimony and that his counsel did not perform effectively. We affirm.

## FACTS

Mr. Reid was formerly married to Tina Woodraska and fathered two daughters by her, including A.L.R. who was born in 2005. He was also stepfather to Tina's son, A.R.E., who was born in 1998. The charges involved those two children during a time period in 2007-2008 when A.L.R. was two and A.R.E. was nine or ten. Two counts of first degree child molestation involving A.L.R. and one count involving A.R.E. were filed.

At trial, A.L.R. did not remember the events in question. As a result, her primary evidence consisted of a taped interview made two years earlier. Part of that testimony was corroborated by her mother and by the testimony of Eric O'Leary, Ms. Woodraska's brother. A.R.E. described one incident of molestation.

The investigating detective, Ben Estes, testified concerning the course of his investigation and the steps he undertook to obtain statements from the witnesses, including Mr. Reid. In the course of his testimony, the detective described how witness statements conflicted, which raised "red flags" to him that someone was lying. He did not state who he believed might be lying. Defense counsel objected to various aspects of the detective's testimony, but not to these statements.

In the course of her testimony, Ms. Woodraska stated that as far as she knew, "he sexually abused them. I know for sure. I don't want them to get hurt." Counsel also did not object to this testimony. She admitted that the disclosures of sexual abuse came out during the couple's contested marriage dissolution and that she attempted to limit Mr. Reid's contact with the children.

Mr. Reid testified in his own defense and explained the incidents relating to the two children as innocent behavior. Defense counsel spent nearly the entirety of his closing argument attacking the credibility of Ms. Woodraska and Mr. O'Leary, contending that Ms. Woodraska was attempting to obtain through the criminal law what the family law judges had denied her—exclusion of Mr. Reid from the children's lives.

2

The jury found Mr. Reid guilty of one count involving A.L.R. and one count involving A.R.E. The jury acquitted Mr. Reid on the second count involving A.L.R. After imposition of a standard range sentence, Mr. Reid timely appealed to this court.

ANALYSIS

Mr. Reid's appeal argues that the noted testimony of Ms. Woodraska and Detective Estes constituted improper opinion testimony that deprived him of a fair trial. He also argues that his counsel failed to provide effective assistance by not challenging various testimony.[1] We address these matters as two separate contentions.

*Improper Opinion Testimony*

Mr. Reid contends that the noted evidence from Detective Estes constituted an opinion that Mr. Reid lied during the investigation and that the quoted testimony from Ms. Woodraska was an expression that she believed him guilty. In neither instance did the defense object to the testimony. We conclude that Mr. Reid has not established that either episode constituted manifest constitutional error.

---

[1] Counsel also argues that cumulative error prevented a fair trial, while Mr. Reid filed a Statement of Additional Grounds (SAG) arguing, apparently, that counsel was ineffective and that there were factual inconsistencies in the testimony of the State's witnesses. In light of our conclusion that there were not multiple errors, we do not further address the cumulative error argument. The first SAG issue repeats an argument adequately raised by counsel, so we will not further address it. RAP 10.10(a). The other issue does not adequately explain what was erroneous, let alone how the error prejudiced the defense. It is inadequate for our review. RAP 10.10(c).

It is improper for one witness to state that another witness is lying; it is equally improper for a witness to opine that the defendant is guilty. *State v. Black*, 109 Wn.2d 336, 348, 745 P.2d 12 (1987); *State v. Kirkman*, 159 Wn.2d 918, 927, 155 P.3d 125 (2007). In each instance, such testimony invades a function of the jury to determine credibility and guilt or innocence. *Black*, 109 Wn.2d at 348; *Kirkman*, 159 Wn.2d at 927. When a witness violates one of these strictures, the defendant's due process right to a fair trial is infringed. *Kirkman*, 159 Wn.2d at 927.

Evidence rulings typically are reviewed for abuse of discretion. A trial judge's decision to admit or exclude evidence under these provisions is reviewed for abuse of discretion. *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). An appellate court will only consider the specific objection raised in the trial court. *State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985). The failure to raise an objection waives any challenge to the evidence. *Id.*; *State v. Boast*, 87 Wn.2d 447, 451-52, 553 P.2d 1322 (1976). As a general rule, the failure to raise an issue in the trial court precludes appellate review of the issue. RAP 2.5(a). The most common exception to that rule is that a claim raising a manifest constitutional error may be reviewed. RAP 2.5(a)(3). A claim is manifest if the facts in the record show that the constitutional error prejudiced the defendant's trial. *State v.*

4

*McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). However, if the necessary facts are not in the record, "no actual prejudice is shown and the error is not manifest." *Id.*

It is the last two of these principles that govern this case. Because there was no objection to the now-challenged testimony, this court can consider the arguments only if the record establishes prejudicial constitutional error that puts this case within the reach of RAP 2.5(a)(3). That is not the case here.

The detective's testimony did not state that Mr. Reid was lying to him. The detective believed someone was probably lying during the investigation, but never stated that any specific person he talked to was doing so. In order to constitute an improper opinion, the testimony must be a nearly "explicit statement of opinion on the credibility of the defendants or victims." *Kirkman*, 159 Wn.2d at 938. The evidence cited does not meet that threshold. The detective did not identify who he specifically thought was not being truthful and was not an opinion on that person's statement. Instead, he was explaining why he kept going back to the witnesses for further information as the case developed. Having not identified any person or testimony that he suspected was untruthful, this testimony did not constitute an improper opinion.[2]

---

[2] Similar testimony presenting the converse of this issue was one of the issues presented in *Kirkman*. There an officer had testified that he told the child victim that it was important that she tell him the truth. *Id.* at 925. She then told the officer what had happened to her and the officer repeated those statements to the jury. *Id.* Our court concluded that this testimony did not constitute a statement that the officer thought the victim was telling the truth and was not manifest constitutional error. *Id.* at 931.

We reach the same conclusion, although for a different reason, with respect to the challenged testimony of Ms. Woodraska. Her challenged testimony is ambiguous and, thus, does not amount to a clear statement of guilt despite its wording. This argument involves the following sentences in the transcript of her testimony in response to the prosecutor's question on direct examination about why she did not want Mr. Reid visiting with the children:

> Well, I don't want [him] to hurt them. I don't want them – I mean, he's physically abusive. And as far as I know, he sexually abused them. I know for sure. I don't want them to get hurt. And that's the only reason I would ask that he just not hurt them anymore.

Report of Proceedings (RP) at 209.

The idiom "as far as I know," does not express an opinion that defendant is guilty, but merely states the possibility that he is guilty, so the claimed error arises from the sentence, "I know for sure." As the statement in the record is written, it is unclear *what* Ms. Woodraska is testifying that she knows. Mr. Reid asserts that it applies to the previous sentence about sexual abuse and is an opinion on his guilt. However, it seems from the context equally likely, if not more likely, that the statement is a part of the following sentence, and that she essentially said, "He's physically abusive, and as far as I know he sexually abused them. I know for sure that I don't want them to get hurt." Read this way, Ms. Woodraska has merely stated the possibility that he is guilty and expressed a desire to protect her children from potential harm. It is impossible to determine from

6

the record whether Ms. Woodraska stated an opinion as to Mr. Reid's guilt. The

ambiguous statement may have been closer in time to one sentence or another, but again

the written transcript simply does not tell us that.[3]

Accordingly, neither of the claimed instances constitutes a clear statement about

the defendant's guilt that makes the alleged error of a manifest constitutional nature. The

claims are without merit.

*Ineffective Assistance of Counsel*

Mr. Reid also argues that his counsel was ineffective in failing to challenge the

noted statements as well as in failing to object to other evidence including the mother's

testimony concerning statements made by A.L.R., testimony about physical violence, and

statements made by a child welfare investigator. His argument does not satisfy his heavy

burden in this proceeding.

The Sixth Amendment guaranty of counsel requires that an attorney perform to

the standards of the profession. Counsel's failure to live up to those standards will

require a new trial when the client has been prejudiced by counsel's failure. *McFarland*,

127 Wn.2d at 334-35. In evaluating ineffectiveness claims, courts must be highly

deferential to counsel's decisions. A strategic or tactical decision is not a basis for

---

[3] Indeed, the failure to object is suggestive that defense counsel did not think it was a comment on guilt, but merely an affirmation that Ms. Woodraska wanted to protect her children.

7

finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-92. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *Id.* at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

Initially, Mr. Reid presents the previous two arguments as evidence that counsel performed ineffectively by failing to object to the "guilt" testimony. As we have found that neither claim was substantiated, these arguments do not show that counsel performed ineffectively. Accordingly, the first prong of the *Strickland* standard was not established and we need not further address this aspect of the claim. 466 U.S. at 690, 697.

Mr. Reid next argues that counsel should have objected to the testimony of Ms. Woodraska that A.L.R. told her that Mr. Reid hurt her in her private parts and that he had been physically abusive to A.R.E. He also points to testimony by Ms. Karen Winston concerning her follow up with Ms. Woodraska after the forensic interview of A.L.R.

Actions of the trial attorney cannot be considered ineffective assistance of counsel where those actions were in furtherance of a reasonable trial strategy. Consequently, in examining the claimed deficiencies in trial counsel's representation, it is necessary to bear in mind the defense theory of the case. Defense counsel focused on the fallout from a contentious divorce. He pointed to evidence that Ms. Woodraska had sought to

8

severely limit and prevent access by Mr. Reid to the children prior to any allegations of abuse. He then argued that subsequent, escalating allegations of alcoholism, physical abuse, and then sexual abuse were part of a pattern of actions by Ms. Woodraska aiming to limit Mr. Reid's access to their children by any means necessary. *See* RP at 214-20. He then also pointed to inconsistencies in the testimonies of prosecution witnesses to cast doubt on the allegations of molestation. In light of this overarching trial strategy, several of the evidentiary issues complained about on appeal were useful or necessary to establish that theory of the case, and cannot be used to establish a claim of ineffective assistance of counsel.

Evidence of physical abuse presented was from testimony by Ms. Woodraska and A.R.E. Since the defense theory of the case involved characterizing Ms. Woodraska's various allegations as ploys to gain custody of the children, the defense needed some testimony from Ms. Woodraska concerning physical abuse in order to make this argument. Some of this testimony was even in response to defense's cross-examination. *See* RP at 227-28. For instance, defense counsel asked Ms. Woodraska, "A year and a half later you're back again with CPS allegations, and you do get it amended to get closer to the original custody arrangements that you wanted?" RP at 228. The court made note of such evidence being entered without objection and offered the defense an opportunity to enter a limiting instruction, but defense declined citing trial strategy as the reason. RP at 349, 382.

9

The testimony given by Ms. Winston concerning her discussion with Ms. Woodraska also was useful to the defense. Mr. Reid characterizes this testimony as a statement by a credentialed expert of belief in the allegations. However, all the testimony amounted to was a statement that Ms. Winston informed Ms. Woodraska of prudent further actions to provide safeguards against potential abuse. RP at 154-55. This recommendation did play into defense counsel's argument that the allegations were all about Ms. Woodraska restricting Mr. Reid's access to his children. It amounted to evidence of a discussion concerning how to restrict such access.

These noted instances were part of the defense trial strategy and do not establish that counsel erred.

The statements Ms. Woodraska claims A.L.R. made to her track exactly the statements A.L.R. made in the forensic interview, which was admitted into evidence under the child hearsay rule. It is difficult to see how Ms. Woodraska's quoting A.L.R. would have any effect on the outcome after the jury had already been presented with a video of A.L.R. making the same quoted statements. Trial counsel could have objected and the evidence would likely have been stricken, but it would not have substantively changed the evidence before the jury, and may have appeared combative. Thus, any error here did not prejudice Mr. Reid, let alone cast doubt on the outcome of the trial.

None of the allegations establish that defense counsel failed to adequately represent Mr. Reid. The evidence was either admissible, consistent with the defense

10

theory of the case, or cumulative to other properly admitted evidence. Accordingly, Mr.

Reid has not established that his counsel performed ineffectively.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, A.C.J.

Fearing, J.