# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                     Respondent,<br><br>      v.<br><br>JAGJIT SINGH,<br><br>                    Appellant. | DIVISION ONE<br><br>No. 79017-0-I<br><br>UNPUBLISHED OPINION<br><br>FILED: March 9, 2020 |

DWYER, J. — Jagjit Singh appeals from his convictions for assault in the first degree and assault in the second degree. He contends that the trial court erroneously admitted inadmissible hearsay evidence during his trial and that his offender score was improperly calculated at sentencing. Because Singh did not properly preserve his evidentiary claim of error for appeal and the State concedes that Singh's offender score was improperly calculated, we affirm the convictions but remand for resentencing.

I

The State charged Singh with one count of domestic violence assault in the first degree (count I), two counts of domestic violence assault in the second degree (counts II and III), and one count of rape in the third degree (count IV) for acts committed against his wife. Count II also charged a domestic violence "within sight or sound of the victim's or the offender's minor child" aggravating

factor. Each count also charged a domestic violence "ongoing pattern of . . . abuse" aggravating factor.

During Singh's bench trial, the State called Deputy Sherriff Nathaniel Obregon and elicited facts regarding that which Singh's family had reported to the police:

> [Prosecutor:] You talked to the son at this interview, did you not?
> [Obregon:] Very briefly, yes.
> [Prosecutor:] And did you ask him any questions about what you were told was happening to him by his father?
> [Obregon:] I did. I asked him—as in my notes, if—
> [Defense Counsel]: I object. I guess I can't object to the question.
> [Obregon]: —if his father hurt him when he pulled his arm back behind his back.
> [Defense Counsel]: I would object.
> The Court: I'm going to overrule the objection.
> [Prosecutor]: Go ahead.
> [Obregon]: I asked him if it hurt him when his father pulled his arm behind his back.
> [Prosecutor:] And did you get an answer from him?
> [Obregon]: I did. He—
> [Defense Counsel]: I object to any response.
> The Court: Overruled. He may answer the question.
> [Obregon]: He said hurt.

Singh was subsequently convicted of the crimes charged in counts I and II, and the court also concluded that both counts involved domestic violence that was a part of an ongoing pattern of abuse. At sentencing, Singh was assigned an offender score of 4 for each offense, thus setting a standard range sentence of 129 to 171 months for his conviction on count I and 15 to 20 months for his conviction on count II. Singh was sentenced at the high end of the standard range for both counts, with the sentences to run concurrently.

Singh appeals.

II

Singh contends (1) that his convictions must be reversed because the trial court admitted inadmissible hearsay evidence and (2) that his offender score was improperly calculated, requiring remand for resentencing if his convictions are affirmed. In response, the State asserts that Singh did not properly preserve his evidentiary claim for appellate review and concedes that Singh's offender score was improperly calculated, requiring remand for resentencing.

A

Singh first asserts that the trial court erroneously admitted inadmissible hearsay testimony from Deputy Sheriff Obregon and that such error requires reversal. Specifically, Singh claims that the trial court should not have admitted Deputy Sherriff Obregon's three word answer when asked to recount his interview with the victim's son—"he said hurt." However, because Singh did not interpose a specific objection to this testimony, he has waived any claim of error.

It is a longstanding rule that "[a]n objection which does not specify the particular ground upon which it is based is insufficient to preserve the question for appellate review." State v. Guloy, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985) (citing State v. Boast, 87 Wn.2d 447, 553 P.2d 1322 (1976)). For claims of error pertaining to the proper admission of evidence, "[a] party may only assign error in the appellate court on the specific ground of [an] evidentiary objection made at trial." Guloy, 104 Wn.2d at 422.

Singh contends that the court should have excluded Deputy Sheriff Obregon's three word answer, "he said hurt," at the end of the following exchange:

[Prosecutor:] You talked to the son at this interview, did you not?
[Obregon:] Very briefly, yes.
[Prosecutor:] And did you ask him any questions about what you were told was happening to him by his father?
[Obregon:] I did. I asked him—as in my notes, if—
[Defense Counsel]: I object. I guess I can't object to the question.
[Obregon]: —if his father hurt him when he pulled his arm back behind his back.
[Defense Counsel]: I would object.
The Court: I'm going to overrule the objection.
[Prosecutor]: Go ahead.
[Obregon]: I asked him if it hurt him when his father pulled his arm behind his back.
[Prosecutor:] And did you get an answer from him?
[Obregon]: I did. He—
[Defense Counsel]: I object to any response.
The Court: Overruled. He may answer the question.
[Obregon]: He said hurt.

Plainly, Singh failed to properly preserve this claim of error for appellate review. While Singh's counsel objected to the admission of Deputy Sheriff Obregon's statement, no ground for the objection was ever offered. A general objection is insufficient to preserve the claim of error. Guloy, 104 Wn.2d at 422. Singh has therefore waived any claim of error regarding the admission of Deputy Sherriff Obregon's statement.

B

Singh next asserts that his offender score was improperly calculated at sentencing, resulting in the sentencing court imposing a sentence exceeding the proper standard range sentences for his offenses. Specifically, he asserts that his offender score for each offense is properly calculated as 2 instead of 4, that

the court double counted his other current offenses when calculating his offender score for each offense, and that this resulted in a sentence exceeding the proper standard range for his offenses. The State concedes that this is so. Both parties agree that Singh must be resentenced utilizing the proper offender score for each offense.[1]

We therefore affirm Singh's convictions and remand for resentencing.[2]

Affirmed in part, reversed in part, and remanded.

WE CONCUR:

---

[1] Therefore, we decline to consider Singh's contention that he was improperly required to pay Department of Corrections' supervision fees. Because he must be resentenced and the issue of legal financial obligations will be back before the trial court, this issue is not ripe for review. See State v. Bahl, 164 Wn.2d 739, 751, 193 P.3d 678 (2008) (noting that, to be ripe for review, a challenged action must be final); State v. Curry, 118 Wn.2d 911, 917 n.3, 829 P.2d 166 (1992) (rejecting, as premature, a challenge to the imposition of a victim penalty assessment). Singh may raise this issue with the sentencing court at his resentencing.

[2] Singh also submitted a statement of additional grounds (SAG). However, Singh's SAG does not establish any basis for granting appellate relief.