[No. 42034. En Banc. November 15, 1972.]

WYATT H. HUNTER *et al., Respondents,* v. WALTER S. BROWN *et al., Petitioners.*

---

*Williams, Lanza, Kastner & Gibbs,* by *Joseph J. Lanza,* for petitioners.

*Jack E. Tanner* and *Daniel F. Sullivan,* for respondents.

WRIGHT, J.—This is an action for damages allegedly sustained as a result of medical malpractice.

The plaintiff, a native Korean, became concerned about some scars and also various darkened areas which appeared on her facial skin. As a result of these conditions, she consulted the defendant, a specialist in plastic and reconstructive surgery.

The defendant diagnosed the condition as chloasma[1] and recommended a surgical procedure known as dermabrasion. Dermabrasion is a mechanical procedure whereby the epidermis, or outer layer of the skin, is removed by a sandpapering process.

The recovery period for the plaintiff was a painful, prolonged and embarrassing experience. After this recovery period, it became apparent that although the scars were substantially eliminated, the dermabrasion had resulted in increased facial pigmentation.

The plaintiff subsequently brought the present action, claiming damages as a result of this allegedly unsuccessful dermabrasion procedure performed upon her by the defendant. The three legal theories argued in the trial court were: (1) that the defendant guaranteed he would completely clear plaintiff's complexion; (2) that the dermabrasion procedure was negligently performed; and (3) that the

---

[1]Defendant described chloasma as "a darkening of the skin in various spots. Primarily, it is thought to be caused, in part, to overexposure to sun or exposure to wind, and sometimes the use of cosmetics. But it is a thing that is certainly connected in some way with the hormone setup of a woman's body, because it occurs much more frequently in females than it does in males, and more so in dark skinned people than in light skinned people."

dermabrasion was performed without the plaintiff's "informed consent."

At the close of the plaintiff's case, the trial court sustained the defendant's challenge to the sufficiency of the evidence. The plaintiff appealed from the judgment of dismissal, urging only the theory of informed consent. Division One of the Court of Appeals reversed and remanded the case for a new trial.

This court granted a petition for review by the defendant and the case was argued before this court on October 4, 1971 and reargued March 13, 1972.

■ A challenge to the sufficiency of the evidence made at the end of the plaintiff's case admits the truth of the evidence and all inferences that can reasonably be drawn therefrom, and in a jury trial, requires the court to interpret the evidence most strongly against the defendant and most favorably for the plaintiff. *Rikstad v. Holmberg,* 76 Wn.2d 265, 456 P.2d 355 (1969); *Moyer v. Clark,* 75 Wn.2d 800, 454 P.2d 374 (1969); *Watkins v Parpala,* 2 Wn. App. 484, 469 P.2d 974 (1970).

The evidence upon which the plaintiff relies when thus viewed, would permit findings that: (1) the defendant is a recognized expert in the treatment of chloasma by the dermabrasion process; (2) the defendant knew that the probability of a good result was only 50 percent; (3) there was a possibility of resulting hyperpigmentation—a worsening of the chloasma condition; (4) the risk of hyperpigmentation is greater when the patient is of Oriental origin; and (5) the defendant considered the plaintiff, a women of Korean extraction, to be a "borderline case."

Defendant admitted he did not tell plaintiff of the risks involved. He testified in part:

Now, if we go into the risks involved, I would be talking the rest of the day about the risks.

. . .

. . . risks are minimal, and they are never mentioned to a patient.

. . .

A patient would walk out of everybody's office if you would say there is a danger of anything. This is never done.

. . .

It is not good practice to frighten a patient by telling them a dozen different things that might happen as a result of dermabrasion.

■ Defendant was not asked as to any recognized medical standard relative to telling the patient of the probability of success in dermabrasion operations.

This is the kind of a case in which no medical standard as to telling the patient need be proved. As was said in *Watkins v. Parpala, supra* at 492, there are cases in which "the disclosure is so obvious that laymen can recognize the necessity of such disclosure."

Under the circumstances and considering this was elective surgery for the attempted improvement of appearance only, the necessity of disclosure is too clear to require medical testimony.

The judgment of dismissal of the trial court is reversed and the matter remanded for trial. The judgment of the Court of Appeals is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., and SHORETT, J. Pro Tem., concur.