259 P.3d 294 (2011)
162 Wash.App. 852
STATE of Washington, Respondent,
v.
Darrell Montae LEE, Appellant.
No. 39917-2-II.
Court of Appeals of Washington, Division 2.
July 26, 2011.
*295 Sheri Lynn Arnold, Attorney at Law, Tacoma, WA, Reed Manley Benjamin Speir, Attorney at Law, University Place, WA, for Appellant.
Stephen D. Trinen, Pierce County Prosecutor's Ofc, Tacoma, WA, for Respondent.

PART PUBLISHED OPINION
WORSWICK, J.
¶ 1 A jury convicted Darrell Montae Lee of possession of methadone with intent to deliver, possession of cocaine, driving with a suspended license, two counts of bail jumping, and forgery. Lee appeals, arguing (1) the cocaine should have been suppressed under Arizona v. Gant,[1] (2) there was insufficient evidence to convict him of possession of methadone with intent to deliver, (3) there was insufficient evidence to convict him of forgery, and (4) cumulative error deprived him of a fair trial. We affirm, holding that there was sufficient evidence to support the verdicts and that Lee failed to preserve the suppression issue for review.

FACTS
¶ 2 On July 10, 2008, at 2:00 am, Tacoma Police Officer Douglas Walsh stopped Lee for speeding. Officer Walsh recognized Lee and believed that Lee had a suspended driver's license. After verifying this fact, Officer Walsh arrested Lee and searched him incident to arrest, finding 12 methadone pills. Officer Walsh also found $1,295 in cash in Lee's front right pocket and $540 in counterfeit $20 bills in Lee's wallet.
¶ 3 After searching Lee's person, Office Walsh placed Lee in his patrol car. Officer Walsh then searched the interior of Lee's vehicle incident to arrest. Officer Walsh opened the sliding door covering the vehicle's sunroof and inside found a large crack cocaine rock.
¶ 4 The State charged Lee with unlawful possession of methadone and cocaine with intent to deliver (counts I and II), driving with a suspended license (count III), two counts of bail jumping (counts IV and VI), and forgery (count V). On September 23, 2009, the trial court conducted a CrR 3.5 hearing to determine the admissibility of Lee's statements on arrest. Lee's trial counsel did not move to suppress any of the physical evidence against Lee.
¶ 5 Before trial, Lee moved to exclude testimony regarding the counterfeit money. The testimony was expected to show that bills with the same serial numbers as those in Lee's possession had been passed in Washington, although there was no evidence connecting such incidents to Lee. Lee argued that the prejudice of this evidence would exceed any probative value. The trial court found that the testimony was relevant, that it was "very prejudicial," but also that it was "very probative" of "the intent to deliver, as *296 well as ... the forgery." 2 Verbatim Report of Proceedings at 97.
¶ 6 At trial, Officer Walsh testified about the circumstances that showed Lee's intent to deliver cocaine and methadone. Officer Walsh testified that Lee's intent was shown by (1) the size of the crack cocaine rock, which was larger than the size usually purchased for personal use; (2) the methadone on Lee's person (with no reference as to whether the amount was small enough for personal use); (3) the fact that Lee had multiple narcotics; (4) the large amount of money in Lee's possession; and (5) the lack of any drug paraphernalia.
¶ 7 Also at trial, the State called Special Agent Timothy Hunt of the United States Secret Service. Agent Hunt testified that the $540 in Lee's possession was counterfeit. Over Lee's objection, Agent Hunt testified that bills with the same serial numbers as those in Lee's possession had been passed in Washington, Arizona, and Oregon. Agent Hunt also testified, without objection by Lee, that in his personal experience, counterfeit money was often used to purchase illegal drugs. Lee testified that he had planned to use the counterfeit money to make invitations for his children's birthday party.
¶ 8 The trial court gave jury instructions on unlawful possession of cocaine and methadone, instructing the jury to consider these crimes as lesser included offenses. The jury found Lee guilty of all charges except for unlawful possession of cocaine with intent to deliver, but found him guilty of the lesser included offense of unlawful possession of cocaine.

ANALYSIS

I. Suppression of Evidence
¶ 9 Lee asserts that the warrantless search of his vehicle violated the Fourth Amendment to the United States Constitution under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 1723-24, 173 L.Ed.2d 485 (2009). He also argues, without citing on-point state law, that the search violated article I, § 7 of the Washington Constitution. The State contends that Lee waived any objection to the validity of the search of his vehicle by failing to raise a motion to suppress at trial. In his brief, Lee did not address whether he preserved this issue for review, but at oral argument Lee argued that we should address the validity of the search for the first time on appeal under RAP 2.5(a).
¶ 10 Our Supreme Court has recently addressed issue preservation in the context of search and seizure. In State v. Robinson, 171 Wash.2d 292, 306-07, 253 P.3d 84 (2011), police conducted warrantless vehicle searches that were arguably illegal under Gant, 129 S.Ct. at 1723, and State v. Patton, 167 Wash.2d 379, 394-95, 219 P.3d 651 (2009). And the trials for both defendants concluded before Gant or Patton were decided. Robinson, 171 Wash.2d at 298, 300, 253 P.3d 84. Under these facts, Robinson announced a new rule:
[P]rinciples of issue preservation do not apply where the following four conditions are met: (1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to the new interpretation.
Robinson, 171 Wash.2d at 305, 253 P.3d 84. Because the facts of Robinson met all four conditions, our Supreme Court held that issue preservation was "simply not applicable" there. Robinson, 171 Wash.2d at 306, 253 P.3d 84. The court thus remanded the cases on review for suppression hearings. Robinson, 171 Wash.2d at 307, 253 P.3d 84.
¶ 11 Here, in contrast, Lee's trial began approximately five months after the United States Supreme Court decided Gant. Lee therefore fails the fourth prong of the Robinson test and ordinary principles of issue preservation apply. 171 Wash.2d at 305, 253 P.3d 84.
¶ 12 Under RAP 2.5(a), a party may raise manifest error affecting a constitutional right for the first time on appeal. "A failure to move to suppress evidence, however, *297 constitutes a waiver[[2]] of the right to have it excluded." State v. Mierz, 72 Wash. App. 783, 789, 866 P.2d 65, 875 P.2d 1228 (1994) (citing State v. Tarica, 59 Wash.App. 368, 372-73, 798 P.2d 296 (1990), overruled on other grounds by State v. McFarland, 127 Wash.2d 322, 337, 899 P.2d 1251 (1995)). Because Lee did not move to suppress the cocaine seized from his vehicle under Gant, he did not preserve the issue for review and we do not address it for the first time on appeal.[3]
¶ 13 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: PENOYAR, C.J., and HUNT, J.
NOTES
[1] 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).
[2] We recognize that in some contexts, the word "waiver" may refer to a voluntary waiver of a known right. See, e.g., Robinson, 171 Wash.2d at 305, 253 P.3d 84. But in Tarica, the court apparently used the term "waiver" to refer to a failure to preserve an issue, not a voluntary waiver of a known right. See 59 Wash.App. at 373, 798 P.2d 296. The Mierz court's holding was based on Tarica. 72 Wash.App. at 789, 866 P.2d 65, 875 P.2d 1228. As such, the rule we cite from Mierz is more accurately characterized as a matter of issue preservation, not waiver. We do not hold that Lee knowingly and voluntarily waived his rights under Gant. Our decision that Lee may not raise Gant for the first time on appeal is based solely on his failure to preserve the issue for review.
[3] At oral argument, we asked Lee's counsel why Lee did not raise the issue of ineffective assistance of trial counsel for failure to move to suppress under Gant. Counsel replied that the decision not to raise ineffective assistance on direct appeal was tactical, based on the notion that it is more advantageous to save this issue for collateral attack. We therefore do not address the issue.