266 P.3d 886 (2011)
163 Wash.App. 354
STATE of Washington, Respondent,
v.
Anthony Dewayne JONES, Appellant.
No. 39573-8-II.
Court of Appeals of Washington, Division 2.
August 30, 2011.
*887 Kathryn A. Russell Selk, Russell Selk Law Office, Seattle, WA, for Appellant.
Kimberley Ann Demarco, Pierce County Prosecutor's Office, Tacoma, WA, for Respondent.

OPINION PUBLISHED IN PART
PENOYAR, C.J.
¶ 1 Anthony Dewayne Jones appeals his convictions of unlawful possession of cocaine with intent to deliver within 1,000 feet of a school bus stop route, unlawful possession of oxycodone, and unlawful possession of methadone. Jones argues that the arresting officer conducted an unlawful warrantless search of his vehicle. He also asserts that the prosecutor committed misconduct and that he received ineffective assistance of counsel. Finally, he raises several arguments in his statement of additional grounds (SAG)[1]. We affirm Jones's conviction of unlawful possession of cocaine with intent to *888 deliver within 1,000 feet of a school bus stop route, but we reverse his convictions of unlawful possession of oxycodone and unlawful possession of methadone.

FACTS
¶ 2 On the afternoon of November 21, 2007, Tacoma Police Officer Kenneth Smith, who was on duty with Officer Henry Betts, noticed a man driving a Dodge Charger without a seat belt. Smith initiated a traffic stop.
¶ 3 The Dodge Charger's driver, Jones, pulled his vehicle into a 7-Eleven parking lot, parked the car, and opened the driver's side door. Smith informed Jones that he had been stopped for failing to wear his seat belt and requested Jones's driver's license, registration, and proof of insurance. Smith cited Jones with an infraction for failure to wear a seat belt.
¶ 4 When Smith first approached Jones's vehicle, he noticed a compartment in the driver's side door containing white pills and two unlabeled pill bottles. The pills had spilled out of one of the bottles, and Smith noted an imprint of the number 512 on one of the white pills. Smith recognized the pill as oxycodone.
¶ 5 Smith asked Jones who owned the pills, and Jones responded that they belonged to his wife. Smith asked Jones if the pill bottle was labeled, and Jones responded that it was not. Smith asked Jones what the pills were, and Jones told Smith that the pills were Percocet.[2] Smith advised Jones he was under arrest, placed him in handcuffs, and read him his Miranda[3] warnings. Next, Smith asked Jones if he understood those rights, and, having those rights in mind, whether he wished to speak with the officers. Jones responded "yes" to both questions. Report of Proceedings (RP) at 116-17. Jones then told Smith that he did not know it was a crime to have Percocet.
¶ 6 Smith then searched Jones. As he reached into Jones's left front pant pocket, Jones said, "This is not good; I am f[* * *]ed." RP at 119. Concerned for his safety, Smith asked Jones what was in his pocket. Jones replied, "I got some stuff that I should not be having." RP at 120. Smith then opened Jones's pocket and observed a plastic baggie containing 19 individually packaged blue baggies. Each baggie contained a white chalky substance. Smith asked Jones if the substance, which he suspected to be crack cocaine, was fake and Jones replied, "No, that's some coke." RP at 122. At trial, Smith testified that, in his experience, the amount of cocaine, a total of 21 grams, and the packaging were consistent with an intent to sell the drugs. When Smith asked Jones what he intended to do with the drugs, Jones responded that he had intended to sell the pills and the crack cocaine.
¶ 7 After placing Jones in the back of his patrol car, Smith searched Jones's vehicle. Smith found two pill bottles, which contained pills, in the driver's side door console. The large pill bottle contained what appeared to be oxycodone and methadone pills. The smaller bottle contained what appeared to be methadone pills. Forensics later confirmed that the substances found in Jones's vehicle and on his person were cocaine, oxycodone, and methadone.
¶ 8 Jones asked to speak with another officer, who he apparently felt could help him get out of trouble. Smith contacted a special agent with the violent crimes task force. The special agent arrived at the scene and interviewed Jones.
¶ 9 On January 25, 2008, the State charged Jones with unlawful possession of cocaine with intent to deliver,[4] unlawful possession of oxycodone,[5] and unlawful possession of methadone.[6] On July 6, 2009, the State filed an amended information, adding a school zone *889 enhancement[7] to Jones's unlawful possession of cocaine with intent to deliver charge.
¶ 10 Before trial, Jones moved to suppress evidence seized from his vehicle, arguing that he was unreasonably detained and that the traffic stop was pretext for an unrelated criminal investigation. He also moved to suppress his statements to the police, asserting that they were made in violation of his Fifth Amendment right to silence. The trial court denied his motions. At trial, Jones testified that he had purchased the pre-packaged cocaine. He denied telling Smith that he intended to sell the drugs. Betts testified that he was not involved in the conversation between Smith and Jones.
¶ 11 The jury found Jones guilty of all charges and found that he had possessed cocaine with intent to deliver within a school zone. Jones appeals.

ANALYSIS

Vehicle Search
¶ 12 Jones argues for the first time on appeal that Smith's warrantless search of his vehicle was unlawful under the state and federal constitutions.[8] The State argues that Jones failed to preserve this issue for appeal and that the evidence is admissible under the open view doctrine. We agree with Jones.

A. Manifest Error
¶ 13 The State contends that the record "was insufficiently developed for this court to determine the extent of the search" and that Smith "found no evidence in defendant's car other than what was observed in open view. Without the admission of evidence acquired as the result of an illegal search, there is no prejudice and any error is not manifest." Resp't's Supplemental Br. at 5. In general, we do not consider an issue raised for the first time on appeal, unless it is a manifest error affecting a constitutional right. See RAP 2.5(a)(3); State v. Kirkman, 159 Wash.2d 918, 926, 155 P.3d 125 (2007). If the error is of constitutional magnitude, the defendant must show how the alleged error actually prejudiced him in the context of trial. State v. McFarland, 127 Wash.2d 322, 333, 899 P.2d 1251 (1995). "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." McFarland, 127 Wash.2d at 333, 899 P.2d 1251.
¶ 14 The alleged error affects Jones's constitutional right to privacy under article I, section 7 of the Washington State Constitution. All the facts necessary to adjudicate the claimed error are in the record on appeal: Smith testified that he stopped Jones for failing to wear his seat belt, approached Jones's vehicle, saw white pills that he recognized to be oxycodone and two pill bottles in a compartment in the driver's side door, arrested Jones, placed Jones in the back of his patrol car, and then searched Jones's vehicle. Smith testified that he then located two pill bottles, containing oxycodone and methadone pills. Smith did not observe the methadone until he searched Jones's vehicle. Prejudice exists because the pills and pill bottles seized from Jones's vehicle provided evidence to support Jones's charges and convictions. We must consider Jones's claim.[9]

*890 B. Open View Doctrine
¶ 15 When a party claims state and federal constitutional violations, we look first at the state constitution. State v. Patton, 167 Wash.2d 379, 385, 219 P.3d 651 (2009). "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." Wash. Const. art. 1, § 7. Washington courts recognize a privacy interest in automobiles and the contents therein. Patton, 167 Wash.2d at 385, 219 P.3d 651. Under article I, section 7, "a warrantless search is per se unreasonable, unless it falls within one of the carefully drawn exceptions to the warrant requirement." Patton, 167 Wash.2d at 386, 219 P.3d 651.
¶ 16 The State argues that no search occurred because the pills were in open view. The State does not argue that any other exceptions to the warrant requirement, such as the vehicle search incident to arrest or exigent circumstances exception, apply. The State is correct that one exception to the warrant requirement is the open view doctrine. See State v. Gibson, 152 Wash.App. 945, 954, 219 P.3d 964 (2009). The open view doctrine applies when an officer observes a piece of evidence from a nonconstitutionally protected area. Gibson, 152 Wash.App. at 955, 219 P.3d 964.
[I]f an officer, after making a lawful stop, looks into a car from the outside and sees a weapon or contraband in the car, he has not searched the car. Because there has been no search, article [I], section 7 is not implicated. Once there is an intrusion into the constitutionally protected area, article [I], section 7 is implicated and the intrusion must be justified if it is made without a warrant.
State v. Kennedy, 107 Wash.2d 1, 10, 726 P.2d 445 (1986).
¶ 17 The open view doctrine "does not[, however,] provide authority to enter constitutionally-protected areas to take the items without first obtaining a warrant." State v. Posenjak, 127 Wash.App. 41, 52-53, 111 P.3d 1206 (2005). In order to seize items in open view, the officer must have probable cause to believe the items were evidence of a crime and be faced with "`emergent or exigent circumstances regarding the security and acquisition of incriminating evidence'" such that it is impracticable to obtain a warrant. Gibson, 152 Wash.App. at 956, 219 P.3d 964 (quoting State v. Smith, 88 Wash.2d 127, 137-38, 559 P.2d 970 (1977)).
¶ 18 When Smith approached Jones's vehicle, he noticed a compartment in the driver's side door containing white pills and two pill bottles. Smith noted an imprint of the number 512 on one of the white pills and recognized the pill to be oxycodone. Under the open view doctrine, Smith's observation of the pills and pill bottles, from the nonconstitutionally protected area outside of Jones's vehicle, was not a search implicating article I, section 7; however, the open view doctrine did not permit his warrantless entry into Jones's vehicle to seize the items.
¶ 19 In Gibson, two officers stopped the defendant's car after he failed to signal a turn. 152 Wash.App. at 948-49, 219 P.3d 964. One of the officers learned that the defendant had an outstanding arrest warrant, arrested the defendant, handcuffed him, and placed him in the back of his patrol car. Gibson, 152 Wash.App. at 949, 219 P.3d 964. The arresting officer then walked around the defendant's locked vehicle and noticed a bottle of "Drano," a bottle of "Drain Out," and a bag of ammonia sulfate. Gibson, 152 Wash. App. at 949, 219 P.3d 964. He recognized these items as chemicals commonly used to manufacture methamphetamine, reached through the window of the defendant's vehicle, unlocked the door, and entered to secure the items. Gibson, 152 Wash.App. at 949, 219 P.3d 964. The officer knew that moving these items could pose health risks to the officers, and he entered the defendant's vehicle to verify that the items were secure. Gibson, 152 Wash.App. at 950, 219 P.3d 964. Inside the vehicle, the officer found ammonium sulfate, drain cleaner, dry ice, toluene, coffee filters, a funnel, coffee filters with pseudoephedrine, a bag of pseudoephedrine, *891 and a coffee grinder containing pseudoephedrine. Gibson, 152 Wash.App. at 950, 219 P.3d 964. After determining that the items were secure, he left the items in the vehicle, and another officer obtained a warrant to search and seize the evidence of methamphetamine manufacturing. Gibson, 152 Wash.App. at 950, 219 P.3d 964. On appeal, the defendant challenged the initial warrantless search of his vehicle. Gibson, 152 Wash. App. at 953-54, 219 P.3d 964.
¶ 20 The situation here parallels that in Gibson where, "... to justify the warrantless seizure, the deputies must have had probable cause to believe that the contents of Gibson's vehicle were evidence of a crime and must have been faced with `emergent or exigent circumstances regarding the security and acquisition of incriminating evidence' that made it impracticable to obtain a warrant." Gibson, 152 Wash.App. at 956, 219 P.3d 964 (quoting Smith, 88 Wash.2d at 137-38, 559 P.2d 970). As in Gibson, "the determinative question is whether there were sufficient exigent circumstances to justify the seizure without a warrant." 152 Wash.App. at 957, 219 P.3d 964. Here, unlike in Gibson, no such circumstances existed. At the time of the search, Jones had been arrested, handcuffed, searched, and secured in the patrol car. Another officer was at the scene, and Jones's vehicle was parked in a parking lot. There was nothing to prevent the officers from safely securing the scene and obtaining a warrant. Thus the evidence seized from the car must be suppressed.[10]
¶ 21 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
I concur: JOHANSON, J.
QUINN-BRINTNALL, J. (dissenting).
¶ 57 Because Anthony Dewayne Jones has failed to preserve his challenge to the admissibility of physical evidence at trial, I respectfully dissent.
¶ 58 Generally, failure to move to suppress evidence constitutes a waiver of the right to exclude it as obtained in violation of the Fourth Amendment. State v. Mierz, 127 Wash.2d 460, 468, 901 P.2d 286 (1995); State v. Tarica, 59 Wash.App. 368, 372, 798 P.2d 296 (1990), rev'd on other grounds by State v. McFarland, 127 Wash.2d 322, 899 P.2d 1251 (1995). A trial court does not err in considering evidence that a defendant has not moved to suppress. Mierz, 127 Wash.2d at 468, 901 P.2d 286. RAP 2.5(a)(3) permits a defendant to raise a "manifest error affecting a constitutional right" for the first time on appeal. "The defendant must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights; it is this showing of actual prejudice that makes the error `manifest', allowing appellate review." McFarland, 127 Wash.2d at 333, 899 P.2d 1251 (citing State v. Scott, 110 Wash.2d 682, 688, 757 P.2d 492 (1988)). To demonstrate actual prejudice, Jones must plausibly show that the asserted error had practical and identifiable consequences in the trial of the case. State v. O'Hara, 167 Wash.2d 91, 108, 217 P.3d 756 (2009) (citing State v. Kirkman, 159 Wash.2d 918, 935, 155 P.3d 125 (2007)).
¶ 59 Although the issue of lawful search and seizure of physical evidence is constitutional in nature, review of Jones's challenge to the admissibility of the evidence is preserved for our review only if Jones made a timely objection or motion to strike or suppress the allegedly unlawfully seized evidence at trial. ER 103(a)(1); State v. Harris, *892 154 Wash.App. 87, 94, 224 P.3d 830 (2010). Jones's motion must have stated a specific ground of objection. ER 103(a)(1). "Even if an objection is made at trial, [Jones] may only assign error in the appellate court on the specific ground of the evidentiary objection made at trial." DeHaven v. Gant, 42 Wash.App. 666, 669, 713 P.2d 149 (citing State v. Guloy, 104 Wash.2d 412, 422, 705 P.2d 1182 (1985), cert. denied, 475 U.S. 1020, 106 S.Ct. 1208, 89 L.Ed.2d 321 (1986); State v. Boast, 87 Wash.2d 447, 451, 553 P.2d 1322 (1976)), review denied, 105 Wash.2d 1015 (1986). We do not generalize specific objections such that the existence of a pretrial motion to suppress evidence seized preserves any claim of error with respect to that evidence. DeHaven, 42 Wash.App. at 670, 713 P.2d 149. And where the trial court has not been asked to rule on an issue, there is no ruling and thus no error appearing on the record affecting a constitutional right allowing us to address an untimely challenge to the admissibility of the unchallenged evidence. RAP 2.5(a)(3).
¶ 60 Here, Jones moved to suppress all statements made in alleged violation of his Fifth Amendment right to silence and all evidence obtained either as a result of his allegedly unlawful seizure or the allegedly pretextual traffic stop. He did not challenge the scope of the search incident to his arrest. See State v. Louthan, 158 Wash.App. 732, 745, 242 P.3d 954 (2010). Because Jones failed to challenge the scope of the search of his vehicle, the State did not present alternative theories that may have justified the search and the trial court did not create a record sufficient for this court's review. RAP 2.5(a)(3); Louthan, 158 Wash.App. at 745, 242 P.3d 954.
¶ 61 On appeal, however, Jones argues for the first time that the warrantless search of his vehicle and subsequent seizure of evidence were unlawful under the Washington and federal constitutions. Specifically, Jones challenges the seizures as unlawful because they failed to fall under either the open view or plain view exceptions to the exclusionary rule. But Jones did not move to suppress evidence seized in alleged violation of either article I, section 7 of the Washington constitution or the Fourth Amendment and he may not argue any claim on this ground on appeal. RAP 2.5(a); DeHaven, 42 Wash.App. at 670, 713 P.2d 149.
¶ 62 Moreover, Jones's claim on appeal fails under our Supreme Court's recently articulated test for when a defendant may challenge for the first time the admissibility of evidence obtained during a warrantless search of an automobile incident his arrest. State v. Robinson, 171 Wash.2d 292, 305, 253 P.3d 84 (2011). In Robinson, our Supreme Court held that the principles of issue preservation would not apply if the following four conditions are met: "(1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to a new interpretation." 171 Wash.2d at 305, 253 P.3d 84. No Washington court has recently issued a "new controlling constitutional interpretation" of either the open view or plain view exceptions to the exclusionary rule and Jones cannot satisfy the first factor of the Robinson test. 171 Wash.2d at 305, 253 P.3d 84; see also, Davis v. United States, ___ U.S. ___, 131 S.Ct. 2419, 2434, 180 L.Ed.2d 285 (2011) (courts do not apply the exclusionary rule to evidence properly seized under the law at the time the search is conducted).
¶ 63 Accordingly, because Jones failed to challenge the admissibility of the evidence resulting from Officer Kenneth Smith's warrantless seizure on either Fourth Amendment or article I, section 7 grounds at trial and, because neither the open view doctrine nor plain view doctrine were recently the subject of "a new controlling constitutional interpretation," I would hold that Jones has failed to preserve this issue for appellate review and affirm. RAP 2.5(a); Robinson, 171 Wash.2d at 305, 253 P.3d 84; Mierz, 127 Wash.2d at 468, 901 P.2d 286.
¶ 64 Alternatively, when Officer Smith approached Jones's vehicle, he saw what he immediately recognized as evidence of the crime of unlawful possession of a controlled substance then being conducted in his presence: oxycodone pills spilling out of an unlabeled *893 pill bottle in the car door. The record does not support Jones's belated claim that the seizure of the contraband violated his state or federal constitutional rights and I would affirm.
NOTES
[1] RAP 10.10.
[2] Percocet contains oxycodone and acetaminophen. Physician's Desk Reference 1125 (62nd ed. 2008).
[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[4] RCW 69.50.401(1), (2)(a).
[5] RCW 69.50.4013(1).
[6] RCW 69.50.4013(1).
[7] RCW 9.94A.533(6); RCW 69.50.435.
[8] At trial, Jones did not contest the search of his vehicle. Jones did argue that he was illegally seized and arrested and that the traffic stop was a pretext for an unrelated criminal investigation.
[9] We note that the Supreme Court recently reviewed the validity of a search incident to arrest, under RAP 2.5(a)(3), even though the defendant failed to move to suppress evidence obtained during the search. State v. Kirwin, 165 Wash.2d 818, 823-24, 203 P.3d 1044 (2009). But see State v. Mierz, 127 Wash.2d 460, 468, 901 P.2d 286 (1995) (holding that the defendant's failure to move to suppress evidence obtained during an allegedly unlawful search constituted a waiver of any error associated with the admission of the evidence).

We also note that we recently held in State v. Lee, 162 Wash.App. 852, 857, 259 P.3d 294 (2011), that the defendant's failure to move to suppress evidence seized from his vehicle constituted a waiver of the right to have it excluded. In Lee, the defendant did not move to suppress any of the physical evidence against him. 162 Wash.App. at 854-55, 259 P.3d 294. Jones, however, did move to suppress the evidence seized from his vehicle, arguing that he had been illegally seized and arrested and that the traffic stop was a pretext for an unrelated criminal investigation. Even though Jones moved to suppress the evidence on different grounds, his motions to suppress enabled him to sufficiently develop the record at his CrR 3.6 hearing. Thus, we may consider his claim.
[10] See State v. Swetz, 160 Wash.App. 122, 134, 247 P.3d 802 (2011) (noting that the observation of an item in open view from a lawful vantage point is not a search, but the officer's right to seize the items, if they are in a constitutionally protected area, must be justified by a warrant or an exception to the warrant requirement), petition for review filed, No. 85717-2 (Wash. Mar. 11, 2011). But see State v. Louthan, 158 Wash.App. 732, 746, 242 P.3d 954 (2010) (noting that there was no illegal search or seizure when police searched Louthan's vehicle without a warrant and seized a bong in open view) petition for review filed, No. 85608-7 (Wash. Feb. 8, 2011); State v. Barnes, 158 Wash.App. 602, 613-14, 243 P.3d 165 (2010) (holding that the trial court erred in ordering suppression of relevant evidence of the crime of arrest that the defendant had in open view).