IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35409-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES EDWARD RANEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — James Raney rode in a car that was stopped by a Spokane County Sheriff's deputy. When searching the car's passenger area, the deputy found a bag of methamphetamine. A jury convicted Raney of possession of a controlled substance: methamphetamine. On appeal he challenges the admission of the evidence obtained in the search and contends the warrantless search exceeded the scope of the consent given by the car's driver. We hold that the evidence is sufficient to show that the driver did not limit the scope of the search, and we affirm the conviction.

FACTS

In the early afternoon of February 20, 2017, Sheriff's Deputy Timothy Greenfield assisted another deputy who investigated suspected criminal activity related to a residence in north Spokane. Deputy Greenfield saw a car pull up on nearby railroad tracks, stop, and then reverse. Deputy Greenfield, believing that the car contained

suspects from the investigation, followed. The car's driver took a U-turn and sped with the deputy in pursuit. After the driver turned without a signal, the deputy activated his emergency lights. The driver pulled into a driveway, but a gate trapped the car from escape. As the deputy walked to the driver's side, he saw the passenger lean over and dig at something on the floorboard.

Neither of the car's two occupants were the suspects for which Deputy Timothy Greenfield looked, but he arrested the driver for operating a car without a valid license or identification. Deputy Greenfield recognized the passenger as James Raney and arrested him on a Department of Corrections warrant for escape from community custody. Because of an inoperable passenger door, Raney crawled across the driver's seat to exit the car. Deputy Greenfield saw Raney push some object under the passenger seat with his foot as he exited.

After detaining the car's occupants, Deputy Timothy Greenfield asked the driver for permission to search the car for registration documents. She consented and told him the paperwork was in the glove box or the passenger-side visor. Deputy Greenfield did not find any paperwork in these locations, but noticed under the passenger seat a small, clear bag containing a crystalline substance. The bag field-tested positive as methamphetamine.

In a pretrial CrR 3.5 hearing, James Raney challenged the admission of statements made to the deputies after he was in custody and before he was given the *Miranda*

warnings.  Defense counsel did not challenge the validity or scope of the car search.  In fact, during cross-examination of Deputy Timothy Greenfield at the hearing, defense counsel established that the car's driver had given permission to conduct a broad search of the car:

> Q.  [Defense counsel.]  Not to go too far into your conversation with Ms. Dixon [the driver], but at some point during your discussion with Ms. Dixon did she tell you, "You can search the whole car and all of my stuff"—
> A.  Yes.
> Q.  — "I don't have any drugs"?
> A.  Yes.

Report of Proceedings (RP) at 45.  The State agreed that Raney's custodial statements would not be admitted unless they were needed for impeachment if Raney testified.

At trial, defense counsel did not object to Deputy Timothy Greenfield's testimony that he obtained consent to search the vehicle, that he initially entered the vehicle to look for paperwork he never found, and that he saw a small bag containing white crystals on the floorboard under the passenger seat.  The jury found James Raney guilty of possession of methamphetamine.

## DISCUSSION

For the first time on appeal, James Raney contends the search of the passenger area of the car exceeded the scope of the driver's consent to search.  He argues that admission of the bag found in that search constituted a manifest error of constitutional magnitude that warrants reversal of his conviction.

3

Generally, this court will not consider a claim of error raised for the first time on appeal unless it is a manifest error affecting a constitutional right. RAP 2.5(a); *State v. O'Hara*, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). To support review of an error not addressed at the trial court, the appellant must demonstrate that the error is truly of constitutional magnitude and that the error had actual and identifiable consequences on the appellant's rights at trial. *State v. O'Hara*, 167 Wn.2d at 98-99; *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

Here, James Raney's claim is of constitutional magnitude. Warrantless searches of automobiles are per se unreasonable and presumptively unconstitutional except under a few carefully drawn exceptions to the warrant requirement. *State v. Vanhollebeke*, 190 Wn.2d 315, 322, 412 P.3d 1274 (2018); *State v. Parker*, 139 Wn.2d 486, 494, 987 P.2d 73 (1999). The claimed error also had actual consequences because the bag seized during the warrantless search functioned as the sole evidence to support Raney's conviction. We thus address Raney's claim as a manifest error potentially affecting his constitutional rights.

Consent to search is one of the narrowly drawn exceptions to the unconstitutionality of a warrantless search. *State v. Vanhollebeke*, 190 Wn.2d at 322. For a valid consensual search, the consent must be voluntary and granted by someone with authority to consent. *State v. Hastings*, 119 Wn.2d 229, 234, 830 P.2d 658 (1992). A consensual search may go no further than the limits given in the consent, and any

express or implied limitations may reduce the scope in duration, area, or intensity. *State v. Reichenbach*, 153 Wn.2d 126, 133, 101 P.3d 80 (2004).

James Raney apparently concedes that the driver had authority to consent and that the driver's consent was voluntary. He asserts, however, that the driver limited her consent to a search for her registration documents in the glovebox and the visor. The driver did not testify at the CrR 3.5 hearing or at trial. The only evidence of the scope of the search offered at either proceeding was Deputy Timothy Greenfield's testimony that the driver gave him permission to search the entire car for "everything pertinent" to ownership. RP at 34. Deputy Greenfield did not find the registration paperwork in the glove box or the visor and continued the search on the cluttered floor of the passenger area. Because the record indicates that the driver had given consent to search the entire car, the passenger area was within the scope of that consent.

When an officer has a valid justification for being in an otherwise protected area and sees something he or she immediately realizes is evidence associated with criminal activity, the officer is allowed to seize the evidence under the "plain view" exception to the warrant requirement. *State v. Hatchie*, 161 Wn.2d 390, 395, 166 P.3d 698 (2007); *State v. Hudson*, 124 Wn.2d 107, 118, 874 P.2d 160 (1994). Here, Deputy Timothy Greenfield observed the bag from a nonconstitutionally protected area. *See State v. Jones*, 163 Wn. App. 354, 361, 266 P.3d 886 (2011) (an officer's observation of contraband from an area that is not constitutionally protected is not actually a search).

5

Based on his training and experience, Deputy Greenfield reasonably concluded that the bag contained a controlled substance. *See State v. Hudson*, 124 Wn.2d at 118 (1994). He thus held probable cause to seize the bag under the plain view exception to the warrant requirement.

## CONCLUSION

Because Deputy Timothy Greenfield possessed consent to search the entire car, James Raney fails to establish that the seizure of the methamphetamine was unconstitutional. We affirm his conviction.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

Fearing, J.

WE CONCUR:

Siddoway, J.

Pennell, A.C.J.

6