# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>     v.<br><br>JON MICHAEL KALISTA,<br><br>               Appellant. | No. 50315-8-II<br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Jon Kalista appeals his convictions of attempting to elude a pursuing police vehicle and third degree driving while license suspended. The convictions arose from an incident in which a police officer attempted to pull over a pickup truck and then pursued the truck as it sped away. The officer eventually located the truck parked at a residence. The officer saw paperwork and a toolbox with Kalista's name on them inside the truck and then identified Kalista as the offending driver by viewing his photo in a law enforcement database.

Kalista argues that he received ineffective assistance of counsel because the officer unlawfully searched his vehicle and defense counsel failed to file a motion to suppress evidence obtained from that search. However, the record is insufficient to determine whether the officer actually searched Kalista's truck or whether he merely viewed the paperwork and toolbox from outside the truck. Therefore, we hold that on this record, Kalista cannot establish ineffective assistance of counsel. Accordingly, we affirm Kalista's convictions.

FACTS

On August 31, 2015, Longview police officer Trevor Eades was on patrol when he observed a pickup truck run a stop sign. Eades activated his overhead lights and attempted to stop the truck. Instead of pulling over, the truck sped up. The truck drove toward the bridge to Oregon while swerving in and out of traffic. Eades was able to see the driver's face during the pursuit through the truck's rearview mirror.

Eades discontinued his pursuit of the truck when the truck was driving over the bridge. Dispatch relayed a description of the truck and its license plate number to law enforcement in Oregon, who located the truck a few minutes later parked at the residence of Jim Brumwell.

Eades arrived and spoke with Brumwell and another witness. Eades saw paperwork inside the truck with the name "Jon Kalista" on it. Eades also saw a toolbox in the back of the truck with the name "Jon" on it. Eades searched the name "Jon Kalista" in the law enforcement database and was able to view Kalista's photo. The photo matched the person Eades observed driving the truck.

The State charged Kalista with attempting to elude a pursuing police vehicle and third degree driving while license suspended.

Kalista's defense counsel did not file a motion to suppress any reference to the paperwork and toolbox with Kalista's name on it or Eades' testimony about viewing Kalista's photo after seeing his name. At trial, Eades testified that he found paperwork with Kalista's name on it when he "looked in the truck." Report of Proceedings (RP) at 68. Eades also pointed to Kalista sitting in court as the person he had observed driving the truck.

Brumwell testified that shortly before the officers arrived, Kalista had come to his residence and told him that someone was chasing after him. Kalista asked Brumwell to move his

vehicle behind Kalista's truck, which he did. Brumwell eventually told officers that the truck belonged to Kalista and that Kalista had been driving the truck.

Kalista testified at trial that he was not the person who was driving the truck. He claimed that the truck was badly damaged in an accident and that he had not seen the truck for about a month before the incident. However, he did not report the truck as stolen.

A jury found Kalista guilty of both charges. Kalista appeals his convictions.

ANALYSIS

Kalista argues that (1) Eades's observation of the paperwork and toolbox in his truck, which was used to identify him as the driver, occurred during an illegal search; and (2) defense counsel's failure to file a motion to suppress the related evidence constituted ineffective assistance of counsel. We hold that Kalista cannot establish ineffective assistance on this record.

A. LEGAL BACKGROUND

1. Ineffective Assistance of Counsel

Ineffective assistance of counsel arises from the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *Id.* at 457-58. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 458. Prejudice exists if there is a reasonable probability that, except for counsel's errors, the result of the proceeding would have been different. *Id.*

In the context of failing to file a motion to suppress, trial counsel's performance can only be considered deficient if the defendant can show that the trial court likely would have granted

the motion. *State v. D.E.D.*, 200 Wn. App. 484, 490, 402 P.3d 851 (2017). Accordingly, the question here is whether, had counsel filed a motion to suppress evidence relating to the allegedly illegal search, the trial court likely would have granted the motion.

    2.    Warrant Requirement

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution prohibit warrantless searches of a vehicle unless an exception to the warrant requirement applies. *State v. Froehlich*, 197 Wn. App. 831, 837, 391 P.3d 559 (2017).

But under the "open view" doctrine, no warrant is required to *observe* items inside a vehicle. *See State v. Jones*, 163 Wn. App. 354, 361, 266 P.3d 886 (2011). This doctrine applies when "an officer observes a piece of evidence from a nonconstitutionally protected area." *Id.* Constitutional protections are inapplicable in this situation because a person has a diminished expectation of privacy in the visible contents of a vehicle. *State v. Gibson*, 152 Wn. App. 945, 955, 219 P.3d 964 (2009).

The open view doctrine sometimes is called an exception to the warrant requirement for searches. *Jones*, 163 Wn. App. at 361. More precisely, no warrant is required because observing evidence in open view is not a search at all. *See State v. Barnes*, 158 Wn. App. 602, 612, 243 P.3d 165 (2010). " '[I]f an officer . . . looks into a car from the outside and sees a weapon or contraband in the car, he has not searched the car. Because there has been no search, article [I], section 7 is not implicated.' " *Jones*, 163 Wn. App. at 361 (quoting *State v. Kennedy*, 107 Wn.2d 1, 10, 726 P.2d 445 (1986)).

B.    INEFFECTIVE ASSISTANCE ANALYSIS

Kalista argues that his defense counsel should have filed a motion to suppress evidence regarding the paperwork and toolbox in his truck because Eades searched the truck without a

warrant. The State argues that Eades did not search the truck at all because the open view doctrine applies. We hold that the record is insufficient to make this determination.

The record is somewhat unclear regarding whether Eades searched the truck or merely looked inside the truck. When testifying about arriving where the truck was parked, Eades stated, "I looked in the vehicle. . . . I observed some documentation, some paperwork inside" with Kalista's name on it. RP at 54. Eades also stated that the truck had a toolbox in the back with the name "Jon" on it. Neither party clarified with Eades whether "looked in" referred to observing through the truck windows or opening the truck's doors and searching. Eades did not testify that he searched the truck.

On cross-examination, defense counsel asked:

Q: . . . And you ended up getting the name of Jon Kalista, basically when you started *looking through* the truck . . . you found some paperwork with his name; is that true?

A: I *looked in* the truck, yeah, and I saw some paperwork with his name.

RP at 68 (emphasis added). Defense counsel's question implied that Eades searched the truck. However, Eades responded that he looked *in* the truck, which is consistent with either searching the truck or observing the paperwork from outside the truck. Eades did not testify that he looked "through" the truck.

If Eades merely saw the paperwork and toolbox through the windows of the truck, his observation would fall under the open view doctrine and no warrant would have been required. Under that scenario, the trial court would have denied a suppression motion and Kalista would be unable to show either deficient performance or prejudice. On the other hand, if Eades saw the paperwork and toolbox while actually searching the truck without a warrant, the trial court may have granted a suppression motion regarding the warrantless search because the State has not

argued that an exception to the warrant requirement would apply. Under that scenario, Kalista may be able to show deficient performance and possibly prejudice.

The record is not sufficiently developed for us to determine if Eades searched the truck or merely observed the truck's contents through the windows and therefore whether the trial court would have granted a suppression motion. When addressing an ineffective assistance of counsel claim, we may consider only facts in the record. *Estes*, 188 Wn.2d at 467. Any ineffective assistance claim based on matters outside the record must be raised in a personal restraint petition. *Id.* Therefore, we hold that on this record, Kalista cannot meet his burden of proving either defense counsel's deficient performance or prejudice.

## CONCLUSION

We affirm Kalista's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
BJORGEN, J.

_____
LEE, J.

6